UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GARDEN CITY BOXING CLUB, INC., | |
|     Plaintiff, | Case No. 2:07-CV-01568-KJD-PAL |
| v. | **ORDER** |
| RUBEN V. GONZALEZ, *et al.*, | |
|     Defendants. | |

Presently before the Court is Plaintiff's Motion for Summary Judgment (#26). Defendants filed a response in opposition (#27-35, 37) to which Plaintiff replied (#36).

I. Facts

Plaintiff is in the business of marketing and licensing commercial exhibitions of pay-per-view prizefight events. Plaintiff possesses the proprietary rights to exhibit and sublicense the right to exhibit closed-circuit telecasts to commercial establishments. Defendant Ruben V. Gonzalez ("Gonzalez") is a licensed dentist with a regular dental practice in the State of California. Defendant Gonzalez owns two Nevada corporations doing business as Mexican restaurants in the Las Vegas valley. Defendant's restaurant, La Choza De CheChe 1("the Restaurant"), is the subject of the instant litigation.

On November 27, 2004, Plaintiff possessed the proprietary rights to exhibit and sublicense the right to exhibit in Nevada the telecast of the Marco Antonio Barrera vs. Eric Morales prizefight ("the Broadcast").  On the night of the Broadcast, Jamie Ramos, an auditor/investigator for Auditmasters, entered the Restaurant.  Ramos noted that a handwritten sign was posted on the door advertising telecast of the Broadcast.  Inside the Restaurant, Ramos noted two televisions exhibiting the Broadcast to approximately thirty-five (35) patrons.

On November 26, 2007, Plaintiff filed the present action alleging Defendants violated Section 705 of the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605 (Count I), 47 U.S.C. § 553 (Count II), and a state law claim for conversion (Count III).  After discovery, Plaintiff filed the present motion for summary judgment.

II.  Standard for Summary Judgment

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  See Celotex, 477 U.S. at 323.  The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party.  See Matsushita, 475 U.S. at 587.  However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant.  See Lujan v. Nat'l Wildlife Fed'n., 497

U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment).  Evidence must be concrete and cannot rely on "mere speculation, conjecture, or fantasy. O.S.C. Corp. v. Apple Computer, Inc., 792 F.2d 1464, 1467 (9th Cir. 1986). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.  Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party.  See Anderson, 477 U.S. at 248.

III.  Analysis

By moving for summary judgment on all its claims, Plaintiff must first show the absence of genuine issues of fact and that it is entitled to judgment as a matter of law.  The burden then shifts to Defendants to set forth specific facts demonstrating a genuine factual issue for trial.

A.  Count I

47 U.S.C. § 605(a) reads in pertinent part that:

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence contents, substance, purport, effect , or meaning of such intercepted communication to any person.  No person not being entitled thereto shall receive...any interstate...communication by radio and use such communication...for his own benefit[.]

Plaintiff has set out facts demonstrating a violation of this statute.  Defendants admit that they were not authorized to receive or publish the contents of the Broadcast.  Plaintiff's investigator saw the Broadcast displayed on two televisions within the Restaurant.  Accordingly, Plaintiff has met his burden in establishing facts that demonstrate a violation of Count I.

B.  Count II

The Federal Communications Act of 1934, 47 U.S.C. § 553(1), reads in pertinent part that:

> (1) No person shall intercept or receive...any communications service offered over a cable system, unless specifically authorized to do so by a cable operator[.]

In this case, Plaintiff has met his burden in demonstrating that Defendants violated section 553(1) by intercepting or receiving a communications service, the Broadcast, without specific authorization to do so. Plaintiff's investigator saw the Broadcast displayed on two television sets in the Restaurant. Defendants admitted that it had no authorization to receive the transmission of the pay-per-view event. Therefore, Plaintiff has met its burden in establishing that it is entitled to judgment as a matter of law.

### C.  Count III–Conversion

Conversion is "a distinct act of dominion wrongfully exerted over another's personal property in denial of, or inconsistent with his title or rights therein or in derogation, exclusion, or defiance of such title or rights." Wantz v. Redfield, 326 P.2d 413, 414 (Nev. 1958).  "Moreover, an act, to be a conversion, must be essentially tortious; a conversion imports an unlawful act, or an act which cannot be justified or excused in law." Id.  Here, Plaintiff has adduced facts which demonstrate wrongful dominion exerted over another's property inconsistent with his title or rights therein.

### D.  Defendants' Evidence in Opposition to Motion for Summary Judgment

In response to Plaintiff's motion for summary judgment which sets out Plaintiff's legal argument and the factual basis for their complaint, i.e., the affidavit of auditor Ramos, the only evidence submitted by Defendants is the affidavit of Ruben V. Gonzalez which states in pertinent part that on the date of the Broadcast the Restaurant "had no means of broadcasting any type of pay per view, cable, satellite, etc., program, and, more specifically, the event was not broadcast by any of the named defendants, nor was it ever intended to be broadcast."

However, Plaintiff Gonzalez's affidavit does little to controvert Ramos' assertions and creates no questions of fact that require resolution by a finder of fact.  "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo, 281 F.3d at 1061.  If the moving party meets its initial burden of

production, summary judgment will be granted unless there is significant, probative evidence tending to support the opposing party's legal theory. See First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 289-90 (1968). "In essence...the inquiry [is]...whether the evidence presents a sufficient disagreement to require a submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52.

Gonzalez's affidavit fails to raise issues of fact for several reasons.  First, Gonzalez has no personal knowledge of events at the Restaurant on the night in question, November 27, 2004.  He has already admitted that he was not at the Restaurant that night.  Therefore, the bare assertion that the Restaurant was not capable of broadcasting the event that night must be disregarded since it is not based on personal knowledge.  Next, Gonzalez's statements are entirely uncorroborated.  Defendants have presented no evidence, or affidavits from employees that worked at the Restaurant that night that have personal knowledge of the facts.  In fact, in response to interrogatories, Defendants could not produce proof that anyone was employed at the Restaurant that night.

Therefore, Plaintiff has established that no genuine issue of fact exists preventing the Court from granting summary judgment to Plaintiff on all three counts in the complaint.  Plaintiff met its initial burden of showing the absence of a genuine issue of material fact on all three claims. Defendants were then required to set forth specific facts demonstrating a genuine factual issue for trial.  However, Defendants have failed to raise any factual issues.  The Court grants summary judgment as to liability.  Plaintiff will file a motion for summary judgment on the issue of damages within twenty (20) days of the entry of this order.

E.  Wilfulness/Commercial Advantage

If the Court finds that a violation of the statutes in question was committed wilfully and/or for the purposes of direct or indirect commercial advantage or private financial gain, the Court may increase the damage award. See 47 U.S.C. §553(b); 47 U.S.C. § 605(e).  Here it is undisputed that Defendants did not have a license or authorization to receive or exhibit the Broadcast.  The Court finds that Defendants wilfully committed the violation and that the violation was committed for

commercial advantage or private financial gain as evidenced by the handwritten sign on the door advertising the Broadcast.

IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (#26) is **GRANTED**;

IT IS FURTHER ORDERED that Plaintiff file a motion for summary judgment on the issue of damages within twenty (20) days of the entry of this order.

DATED this 24th day of March 2009.

_____
Kent J. Dawson
United States District Judge